**FILED**
**CLERK**

12:45 pm, Dec 17, 2020

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ADAM SCOTT ZUCKER,

                    Plaintiff,

          -against-

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
-------------------------------------------------------------------X

**ORDER**
20-CV-5818 (GRB)

**GARY R. BROWN, United States District Judge:**

Before the Court is the application to proceed *in forma pauperis* filed by Adam Scott Zucker ("plaintiff") in this Social Security appeal.   For the reasons that follow, plaintiff's application to proceed *in forma pauperis* is denied.   Plaintiff is directed to pay the filing fee within fourteen (14) days in order for this case to proceed.

To qualify for *in forma* pauperis status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life."   *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted).   The purpose of the statute permitting litigants to proceed *in forma pauperis* is to insure that indigent persons have equal access to the judicial system.   *Davis v. NYC Dept. of Educ.*, No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing *Gregory v. NYC Health & Hosp. Corp.*, No. 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)).   The determination of whether an applicant qualifies for *in forma pauperis* status is within the discretion of the district court.   *Pinede v. New York City Dept. of*

1

*Envtl. Prot.*, No. 12-CV-06344, 2013 WL 1410380, at \*2 (E.D.N.Y. Apr. 8, 2013) (collecting cases).   The court may dismiss a case brought by a plaintiff requesting to proceed *in forma pauperis* if the "allegation of poverty is untrue."   28 U.S.C. § 1915(e)(2)(A).

Plaintiff reports that he lives with his relatives and they pay for his monthly expenses, including his bills and necessities.   DE 2 at ¶ 3.   Plaintiff also reports that he is employed and his take home pay is $250-$400 bi-weekly.   *Id.*   Of that, plaintiff describes that his "[r]elatives access my banking account when I am paid bi-weekly to cover these expenses.   They take all but $200 of my pay every month."   *Id*.   Plaintiff also reports that he has approximately $150.00 in cash or in a bank account and that he has no dependents, debts or other financial obligations. DE 2 at ¶¶ 4, 7-8.

Given the plaintiff's financial position, he has not demonstrated that he cannot afford the filing fee.   Accordingly, because plaintiff's application reflects that he has access to sufficient resources to pay the Court's filing fee, plaintiff does not qualify for *in forma pauperis status*. *See Wrenn v. Benson*, 490 U.S. 89, 90 n. 4 (1989) (*per curiam*) (denying leave to proceed *in forma pauperis* based on review of information contained in the supporting affidavit of indigency); *see also Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend.") (internal quotation marks and citation omitted).   In addition, "'[i]f it appears that an applicant's 'access to [ ] court has not been blocked by his financial condition; rather [that] he is 'merely in the position of having to weigh the financial constraints posed if he pursues [his position] against the

2

merits of his case,'' then a court properly exercises its discretion to deny the application."

*Brooks v. Aiden 0821 Capital LLC*, No. 19-CV-6823(GRB)(AYS), 2020 WL 4614323, at *5

(E.D.N.Y. July 22, 2020) (quoting *Fridman*, 195 F. Supp. 2d at 537).   Plaintiff's declaration

establishes that he can pay the filing fee and still have the necessities of life.   *Adkins*, 335 U.S.

at 339.   Accordingly, plaintiff's motion to proceed *in forma pauperis* is denied.   Plaintiff is

directed to pay the filing fee within fourteen (14) days of the date of this Order or the action will

be dismissed without prejudice.

Should plaintiff seek leave to appeal *in forma pauperis*, the Court certifies pursuant to 28

U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and

therefore *in forma pauperis* status is denied for the purpose of any appeal.   *See Coppedge v.*

*United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.


Dated:   December 17, 2020                    Gary R. Brown
          Central Islip, New York             United States District Judge

3