FILED
CLERK

11:22 am, Aug 04, 2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
ADAM ZUCKER,

                      Plaintiff,                                    **MEMORANDUM
OF DECISION &
                  -against-                                     ORDER**

COMMISSIONER OF SOCIAL SECURITY,          20 CV 5818 (GRB)

                      Defendant.
----------------------------------------------------------X

**GARY R. BROWN, United States District Judge**:

      In this appeal brought pursuant to the Social Security Act, 42 U.S.C. § 405 *et seq.* (the "Act"), plaintiff Adam Zucker challenges final determinations by the Commissioner of the Social Security Administration that he was ineligible to receive Social Security disability insurance benefits. *See* DE 1. Presently before the Court are the parties' cross motions, pursuant to Fed. R. Civ. P. 12(c), for judgment on the pleadings.

      In its review, the Court has applied the frequently reiterated standards for entitlement to Social Security disability benefits, review of a denial of such benefits, consideration of motions for judgment on the pleadings, examination of the procedures employed, the substantial evidence rule, deference accorded to ALJ decisions, and the evaluation of vocational evidence. These standards, along with numerous authorities and citations, are discussed at length, merely by way of example, in *Zacharopoulos v. Saul*, 516 F. Supp. 3d 211, 219 (E.D.N.Y. 2021), which discussion is hereby incorporated by reference.

      Furthermore, the sole evidentiary question is brought into focus by the parties' contention statements, a practice implemented by the undersigned's Individual Practice Rules, as further discussed in *Madigan v. Comm'r of Soc. Sec.*, 525 F. Supp. 3d 413, 415 (E.D.N.Y. Mar. 15, 2021),

1

and incorporated herein by reference.[1] The sole question at issue is whether the ALJ erred in finding that plaintiff's mental impairment failed to meet the criteria for listing 12.06, to wit: whether the plaintiff established that he had a "marked" limitation of two areas of mental functioning. The ALJ determined that the plaintiff had only "moderate" limitations, while one medical provider indicated that plaintiff faced "marked" limitations in several areas.

A careful review of the ALJ's decision reveals that it was thoughtfully done and carefully balanced. In fact, the ALJ rejected opinions by several state consulting physicians suggesting that the plaintiff had no mental impairments. The ALJ's determination to reject the single, conclusory indication that plaintiff suffered from "marked" limitations was firmly supported by medical evidence from another provider as well as contrary indications from the subject treating source. *See* Tr. at 16-17. While the distinction between "marked" and "moderate" limitations may seem like a hair-splitting determination, the ALJ's decision was based on a fair assessment of the record evidence.

Thus, in considering the record as a whole, the ALJ's opinion is amply supported by substantial evidence. *Zacharopoulos*, 516 F. Supp. 3d at 220 ("[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive, 42 U.S.C. § 405(g), and therefore, the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*.'") (quoting *Bonet ex rel. T.B. v.*

---

[1] In this case, plaintiff's counsel's contention statement was as counsel noted, exactly the same as its memorandum of law. In fact, counsel simply separated its memorandum of law into individual sentences, numbering each as a separate paragraph. This clearly runs afoul of both the letter and spirit of the contention statement directive, according to which counsel "shall set forth a separate, short, and concise statement, in numbered paragraphs, the contentions of the plaintiff as to the alleged legal errors in the [Commissioner]'s determination and/or the specific findings of the decision of the Administrative Law Judge ("ALJ") that, plaintiff contends, is not supported by substantial evidence." *Madigan,* 525 F. Supp. 3d at 415. Nevertheless, the contention statements still served the purpose of identifying the issue in this case.

*Colvin*, 523 Fed. App'x 58, 59 (2d Cir. 2013)).  Thus, this Court must affirm the decision of the Commissioner.

Based on the foregoing, the Commissioner's motion is granted, and the Plaintiff's motion is denied.  The Clerk of Court is directed to enter judgment and close the case.

**SO ORDERED.**

Dated: Central Islip, New York
August 4, 2022

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge